IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID BRANDT                                                                                                  PLAINTIFF

vs.                                           Civil No. 2:11-cv-02152

MICHAEL J. ASTRUE                                                                                    DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

David Brandt ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P.K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.      Background:**

Plaintiff protectively filed his disability application on October 12, 2007. (Tr. 64, 141-148).[1]
In his application, Plaintiff alleged he was disabled due to the following:

> [D]egenerative arthristis [arthritis] in neck, shoulders, back the arthritis in my neck, shoulders and back makes it hard to live life on a daily basic [basis]. I have went to the therpy [therapy] the doctor told me to do, and it makes me hurt worse. i no longer can sleep at night because i hurt so bad. Neck/back problems, arthritis.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 153). Plaintiff initially alleged an onset date of June 14, 2007, but Plaintiff later amended that alleged onset date to January 7, 2007. (Tr. 64, 141). This application was denied initially and again upon reconsideration. (Tr. 56-60).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 90-112). An administrative hearing was held on April 21, 2009 in Fort Smith, Arkansas. (Tr. 26-58). Plaintiff was present and was represented by Davis Duty at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") David O'Neill testified at this hearing. *Id.* At the administrative hearing in this matter, Plaintiff testified he was forty-eight (48) years old. (Tr. 30). Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). Plaintiff also testified he had completed the twelfth grade in high school. (Tr. 30).

On September 17, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application. (Tr. 64-71). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 66, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 7, 2007, his amended alleged onset date. (Tr. 66, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine and of the lumbar spine and carpal tunnel syndrome of the upper right extremity. (Tr. 66, Finding 3). The ALJ also determined none of Plaintiff's impairments met or equaled the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 66-67, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 67-70, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon her

2

review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record that he retained the RFC to perform the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant has frequent postural limitations and can only frequently grasp, handle, and finger with the right dominant hand. The claimant can frequently reach overhead.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 70, Finding 6). The ALJ found Plaintiff's PRW was as an appliance assembler. *Id.* After comparing his RFC to the requirements of his PRW, the ALJ determined Plaintiff retained the capacity to perform his PRW as it was actually performed at the light level. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from his alleged onset date through the date of her decision or through September 17, 2009. (Tr. 70-71, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 13). *See* 20 C.F.R. § 404.968. On June 24, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On August 12, 2011, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ erred in assessing his severe impairments; (2) the ALJ erred in assessing his credibility; (3) the ALJ erred in assessing his RFC; and (4) the ALJ erred in determining he could return to his PRW.  ECF No. 9 at 9-20.  In response, Defendant argues substantial evidence supports the ALJ's disability determination, including the ALJ's evaluation of Plaintiff's severe impairments, credibility, RFC, and PRW.  ECF No. 10.  Because this Court finds the ALJ erred in evaluating Plaintiff's credibility, this Court will only address Plaintiff's second argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not provide sufficient reasons for discounting Plaintiff's subjective complaints. (Tr. 69). In her opinion, the ALJ discounted Plaintiff's subjective complaints for three reasons: (1) Plaintiff was able to perform certain daily activities; (2) Plaintiff continued to

smoke despite being advised to discontinue smoking; and (3) Plaintiff's stated subjective complaints were inconsistent the medical records. (Tr. 69). This Court will review each of these stated reasons.

As for her first finding, the ALJ determined Plaintiff's daily activities were inconsistent with his subjective complaints. (Tr. 69). Plaintiff's only reported daily activities were as follows: "He stated that he can take care of personal grooming, can sit in a chair for one to two hours, and could walk about a block." (Tr. 69). Clearly, such daily activities are not extensive or even demonstrate Plaintiff is able to perform even sedentary work. It is "well-settled law that a claimant need not prove [he] is bedridden or completely helpless to be found disabled." *Boettcher v. Astrue,* 652 F.3d 860, 866 (8th Cir. 2011) (citation omitted). Here, this finding demonstrates Plaintiff is at best able to perform only extremely limited daily activities and does not support a finding that he is able to perform light work, as was found by the ALJ.

The ALJ's second reason for discounting Plaintiff's subjective complaints was that he continued to smoke despite being advised to stop smoking. (Tr. 69). The ALJ is correct in her finding that Plaintiff did not discontinue smoking despite being advised to do so. (Tr. 41, 345, 356). The ALJ is also correct in her finding that a failure to follow a prescribed course of treatment detracts from a claimant's credibility. *See Guilliams v. Barnhart,* 393 F.3d 798, 802 (8th Cir. 2005) (recognizing a claimant's "failure to follow a recommended course of treatment also weighs against a claimant's credibility"). In this case, however, this failure was not significant enough to justify discounting Plaintiff's subjective complaints of neck and back pain.

Plaintiff was advised to stop smoking because he had neck surgery or an anterior cervical discectomy and fusion at C4-5 to C5-6. (Tr. 345). This neck surgery was performed because Plaintiff had "failed all conservative therapies and medication trials." *Id.* His surgeon indicated this

7

neck surgery would "reduce his right radicular symptoms," but there is no indication this surgery would significantly reduce or eliminate Plaintiff's neck pain. (Tr. 356). His doctor informed Plaintiff that he needed to stop smoking because it increased the failure rate of such a fusion. (Tr. 345). This neck surgery was performed on March 27, 2008. (Tr. 345). On September 18, 2008, Plaintiff was examined during a follow-up appointment, admitted he continued to smoke postoperatively, was examined, and was found to have no significant problems as a result of this smoking. (Tr. 395). Accordingly, there is no indication Plaintiff's failure to stop smoking even impacted the outcome of his neck surgery.

Finally, Plaintiff's third reason for discounting Plaintiff's subjective complaints of neck and back pain was that his pain was not consistent with the medical records. (Tr. 70). In making this determination, the ALJ relied heavily upon the findings of a physical therapist and discounted the opinions of Plaintiff's physicians, including his treating surgeon: "As for opinion evidence, the opinion from the physical therapist is given the greatest weight with regard to the limitations caused by the claimant's impairments. The opinions from Dr. Tompkins and Dr. Capocelli [Plaintiff's treating surgeon] are not given great weight because they did not conduct specific examinations that tested the claimant's abilities to perform certain functions." *Id.* While the ALJ is certainly permitted to consider the findings of a physical therapist, such a person is not an "acceptable source" for determining disability. *See* 20 C.F.R. § 404.1513 (2011) (recognizing only "licensed physicians" are "acceptable sources" to "provide evidence to establish an impairment"). Accordingly, the ALJ should not have based her decision to discount Plaintiff's subjective complaints upon the findings of this physical therapist.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to

8

Plaintiff, is not supported by substantial evidence and recommends this case be reversed and remanded.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 15th day of June 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE